Welch, J.
We see ho error in these instructions of the' court, or in its refusal to instruct as requested. In the absence of proof to the contrary, the presumption was that the payees of the note agreed to forbear suit on the debt until the note should mature. There is no such proof in the case, nor is it even alleged in the answer that there was no such agreement to forbear. This agreement, as well as the partial performance of the promise to furnish goods, formed a sufficient consideration to support an action on the note. The failure to furnish goods to the full amount *37 agreed upon constituted only a partial failure, which, was no bar to the action, and merely entitled the defendants to recoupment for damages, or to an abatement of the plaintiff’s claim, to the extent the defendants may have suffered loss by the failure.
But counsel for plaintiffs in error say, in effect, that the promise to furnish goods, and not to enforce payment of the note faster than Doering should be able to pay, was a condition attached to the note, and that it is only upon full performance of that condition that payment of the note ■can be enforced. It is only necessary to say, in answer to this claim of counsel, that although parol evidence is admissible to show the consideration of a note, and to show a total or partial failure of that consideration, it can not be received for the purpose of contradicting the note, or attaching to it parol conditions. The note contains an absolute .and unconditional promise to pay its full amount at the end of six months, and the defendants sought, by parol proof, to change this into a'promise to pay on condition > the plaintiffs would furnish goods to Doering, and to pay at ■such time or times as he might be able to pay. This they could not be allowed to do, without violation of one of the first and plainest principles of evidence.

Motion overruled.

McIlvaine, C. J., White, Rex, and Gilmore, JJ., concurred.